David F. Friedberg v. Commissioner.
Friedberg v. Commissioner
Docket No. 42513.
United States Tax Court
T.C. Memo 1960-251; 1960 Tax Ct. Memo LEXIS 40; 19 T.C.M. (CCH) 1391; T.C.M. (RIA) 60251; November 25, 1960
*40 Held, the deficiencies determined for the taxable years 1943 to 1947, inclusive, were due to fraud with intent to evade tax. John J. Larkin, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income tax and additions to tax for fraud as follows: Additions to Tax
Sec. 293(b),
Year
Deficiency
I.R.C. 1939
1942
$ 403.99
$ 188.25
1943
2,391.02
1,190.67
1944
5,503.34
2,751.67
1945
9,011.06
4,662.33
1946
8,912.30
4,511.15
1947
19,759.28
9,879.64
This case was regularly calendared for hearing in Columbus, Ohio, on March 28, 1960, and was called for trial on March 30, 1960. Petitioner did not appear at the hearing, nor was he represented by counsel. Respondent moved that all of the deficiencies, excluding the additions to tax for fraud, be affirmed for failure properly to prosecute, which motion was granted by the Court. Respondent, who had the burden of proving fraud, proceeded with the presentation of evidence in support of his finding of fraud. Respondent duly filed a brief. In view of the nature of the issue, some weeks after the trial we granted *41 special leave to petitioner to file a paper entitled "Reply From Petitioner to Brief For Respondent." The sole issue remaining is whether respondent has sustained the burden of proving that the deficiencies or a part thereof were due to fraud with intent to evade tax. Findings of Fact Petitioner is an individual residing in Columbus, Ohio. He filed Federal income tax returns for the years 1942 through 1947 with the collector of internal revenue at Columbus. Frances Friedberg is petitioner's wife. Her maiden name was Handler. Elaine Friedberg and Wayne Friedberg are petitioner's daughter and son. These individuals were claimed as dependents during the years involved. The children had no income of their own during this period. Previous to the taxable years petitioner was practically insolvent. From 1941 through at least 1947, petitioner operated a wholesale tailoring business under the name of Buckeye Tailoring Company, and a retail tailoring business under the name of American Male Tailors. Such books as petitioner possessed reflected as income far less than that undoubtedly received. When interrogated concerning the discrepancies, petitioner was evasive and unable to offer *42 any explanation. The respondent was unable to reconcile the differences and accordingly determined petitioner's income by the net worth method. The items enumerated in such net worth computations were based upon adequate evidence discovered by respondent during the course of his investigation. Petitioner's adjusted gross income or net income as shown in his income tax returns for the taxable years 1942 to 1947, inclusive, his victory tax net income as shown in his income tax return for the year 1943, his correct adjusted gross income and/or net income for the taxable years 1942 through 1947, and his correct victory tax net income for the taxable year 1943 were as follows: Adjusted Gross
Correct Adjusted
Net Income
Correct
Taxable Year
Income Reported
Gross Income
Reported
Net Income
1942
$2,400.00
$ 4,215.86
1943
2,587.00
10,809.31
1944
$2,735.97
$18,360.68
17,860.68
1945
2,012.36
24,949.45
24,449.45
1946
4,943.93
26,732.04
26,232.04
1947
7,723.05
45,103.13
7,223.05
44,603.13
Victory Tax Net
Correct Victory
Taxable Year
Income Reported
Tax Net Income
1943
$2,587.00
$10,809.31
A safety *43 deposit box listed in the names of Frances and David Handler was inspected by agents of respondent on October 10, 1947. It contained $19,600 cash and $70,487.50 in cost value of United States bonds. Petitioner was indicted on four counts for willfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him for the years 1945 through 1948. The jury returned a verdict of not guilty for the year 1945 but guilty for 1946, 1947, and 1948 in a trial held in the District Court for the Southern District of Ohio in 1952. The judgment was appealed to the Court of Appeals for the Sixth Circuit, and affirmed (207 F. 2d 777). On appeal to the Supreme Court of the United States, that Court affirmed the Court of Appeals (348 U.S. 142). Petitioner had no sources of nontaxable income during the years in issue. The source of his increased net worth was solely his tailoring businesses. All, or some part of, the deficiencies in income tax for each of the years 1943 to 1947, inclusive, were due to fraud with intent to evade tax. Opinion VAN FOSSAN, Judge: The record reveals that petitioner's books and records, such as they were, *44 were incomplete and wholly unreliable; that many of his oral statements to Government agents were false and calculated to mislead the Government in auditing his accounts; that previous to the taxable years petitioner was practically insolvent; that in 1947 he had a hoard of $19,600 in cash and $70,487.50 in cost value of U.S. bonds in a safety deposit box rented in the name of Handler; that persons for whom petitioner claimed to have gratuitously cashed checks denied that petitioner ever had cashed checks for them and stated that the checks were given in payment for purchases made; that the amounts of such checks appeared in petitioner's commercial account but were not to be found in his cash receipts book; that he was indicted and tried in Federal District Court on four counts for willfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him for the years 1945 through 1948; that a jury returned a verdict of guilty for the years 1946 through 1948, which judgment was affirmed by the Court of Appeals for the Sixth Circuit and by the Supreme Court of the United States; that petitioner had no sources of nontaxable income during the years in *45 issue; and that there were no mitigating circumstances to lessen the impact of the above evidence of fraud. We have concluded, on clear and convincing evidence, that, with the exception of the year 1942, some part of all the deficiencies in tax were due to fraud with intent to evade tax. We have made ultimate findings of fact accordingly. As to the year 1942, the record does not specifically establish a fraudulent intent. We accordingly affirm the respondent's finding of fraud in all years excepting the year 1942. As to 1942, although we have found no evidence of fraud for that year, petitioner did not plead the statute of limitations, and hence the deficiency must stand as approved. Decision will be entered under Rule 50.